UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BENICE CHARLES,

           Petitioner,

vs.                              Case No. 2:01-cr-94-FtM-29DNF
                                      Case No. 2:03-cv-96-FtM-29DNF

UNITED STATES OF AMERICA,

           Respondent.
_____

**OPINION AND ORDER**

This matter comes before the Court on a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. #93[1]) and Petitioner's Memorandum of Law (Doc. #94), both filed on March 3, 2003. The United States filed its Response in Opposition (Doc. #96) on May 6, 2003. The sole issue is whether petitioner's attorney was ineffective for failing to file a Notice of Appeal.

On October 29, 2004, the Court entered an Order (Doc. #100) referring the matter to the assigned magistrate judge for an evidentiary hearing, appointment of counsel, and preparation of a Report and Recommendation. An attorney was appointed for petitioner, an evidentiary hearing was held on March 5, 2005, and

---

[1] Unless otherwise specified, docket numbers refer to the criminal case filings.

a Report and Recommendation (Doc. #112) was filed on April 22, 2005, recommending that the § 2255 motion be denied.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b()1); <u>Williams v. Wainwright</u>, 681 F.2d 732 (11th Cir. 1982), <u>cert. denied</u>, 459 U.S. 1112 (1983). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." <u>Jeffrey S. by Ernest S. v. State Bd. Of Educ. Of Ga.</u>, 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. Rep. No. 94-1609, 94th Cong., 2d Sess., reprinted in 1976 U.S. Code Cong. & Admin. News 6162, 6163). In the absence of specific objections, there is no requirement that a district judge review factual findings de novo, <u>Garvey v. Vaughn</u>, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions de novo, even in the absence of an objection. See <u>Cooper-Houston v. Southern Ry. Co.</u>, 37 F.3d 603, 604 (11th Cir. 1994).

Petitioner Benice Charles (petitioner or Charles) was indicted for two drug counts which carried mandatory minimum prison sentences of ten years to life. Pursuant to a Plea Agreement defendant plead guilty to both counts and agreed to cooperate with the government. The government filed a substantial assistance motion, and petitioner was sentenced to 70 months imprisonment followed by 36 months supervised release. Petitioner alleges that he instructed his attorney to file a Notice of Appeal so that he could appeal the illegally imposed sentence, but his attorney failed to do so. (Doc. #93, pp. 4, 5; Doc. #94, p. 2). Petitioner requests the right to file an out-of-time appeal.

Issues of ineffective assistance of counsel can be raised in a § 2255 proceeding even where petitioner could have raised the issues on direct appeal but failed to do so. Massaro v. United States, 538 U.S. 500 (2003). The Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). See also Wiggins v. Smith, 123 S.Ct.

2527 (2003); Williams v. Taylor, 529 U.S. 362 (2000). The Strickland standard applies where the issue is whether counsel was constitutionally ineffective for failing to file a notice of appeal. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000).

The law is clear that an attorney is ineffective if he disregards specific instructions to file a notice of appeal, even if an appeal would have no meritorious issues. Flores-Ortega, 528 U.S. at 477; Martin v. United States, 81 F.3d 1083 (11th Cir. 1996); Gray v. United States, 834 F.2d 967 (11th Cir. 1987). The Court adopts the findings of the Report and Recommendation that counsel consulted with petitioner about a notice of appeal and that petitioner did not expressly instruct counsel to file a Notice of Appeal after counsel explained the advantages and disadvantages of an appeal. The Court finds that counsel was not ineffective in failing to file a Notice of Appeal under the circumstances of this case.

Accordingly, it is now

**ORDERED**:

1. The Court accepts and adopts the Report and Recommendation (Doc. #112).

2. Petitioner's Motion to Vacate, Set Aside or Correct Sentence (Doc. #93) is **DENIED.**

3. The Clerk of the Court shall enter judgment accordingly,

terminate any other pending motions, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __17th__ day of May, 2005.

_____
JOHN E. STEELE
United States District Judge

Copies:
Hon. Douglas N. Frazier
U.S. Magistrate Judge

Counsel of Record
Benice Charles